UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STEVEN O. ROBINSON,

                  Plaintiff,

          -against-

POLICE OFFICER DOUGLAS ROME,
DISTRICT ATTORNEY RICHARD A.
BROWN, SERGEANT PATRICK CAIN,
ASSISTANT DISTRICT ATTORNEY
GRETCHEN ROBINSON, POLICE
OFFICER CHRIS DELASANDRO,
ASSISTANT DISTRICT ATTORNEY
CHRISTINE OLIVERI, RAYMOND W.
KELLY, MAYOR MICHAEL R.
BLOOMBERG, and BETSY GOTBAUM,

                  Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 20 2011 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

11-CV-1411 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On March 21, 2011, plaintiff pro se Steven O. Robinson ("Robinson"), currently incarcerated at Wallkill Correctional Facility, filed a complaint in the instant case, seeking relief under 42 U.S.C. § 1983 for various alleged constitutional violations. (Compl. (Docket Entry # 1).) In a memorandum and order dated April 20, 2011, the court, under 28 U.S.C. § 1915A, dismissed several of Robinson's claims, but ordered that the case proceed, and that summonses be issued, as to three Defendants: Police Officers Douglas Rome ("Rome") and Chris Dalessandro ("Dalessandro")[1] and Sergeant Patrick Cain ("Cain"). (Order (Docket Entry # 3).) On April 22, 2011, summonses were issued. (Docket Entry # 4.) However, there are no proofs

---

[1] According to the City of New York Law Department, Dalessandro's name is misspelled in the case caption. (See Opp. to Mot. for Default Judgment (Docket Entry # 14) at 1 n.1.)

1

of service in the record. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must answer within twenty-one days of being served.

Cain filed his Answer on May 23, 2011. (Docket Entry # 8.) On May 30, 2011, Robinson moved for default judgment against Rome and Dalessandro, since they had not yet answered. (Docket Entry # 13.) However, Rome and Dalessandro subsequently filed their Answers, on June 3, 2011 and June 10, 2011, respectively. (Docket Entry ## 12, 14.)

It is not clear from the record if Rome and Dalessandro were properly served and, if so, when. (See Opp. to Mot. for Default Judgment.) In any event, even if Rome's and Dalessandro's Answers were filed after the twenty-one day deadline had passed, the entry of a default judgment would not be appropriate. The Second Circuit has "expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default," which is "a remedy to be utilized only in extreme situations." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (internal quotation marks omitted). When a party against whom a default judgment has been entered moves for relief from such a judgment, courts must consider "whether the default was willful, the level of prejudice that may occur to the non-defaulting party if relief is granted, and whether defendant has a meritorious defense." Id. at 16. The court considers the same factors here. It is premature to express any view on Rome's and Dalessandro's potential defenses. However, there is no reason to believe that, to the extent their Answers were filed late, such late filing was willful. It is also clear that Robinson was not prejudiced by whatever delay there was. Accordingly, Robinson's motion for a default judgment is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
June /*/, 2011

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS  ʋ
United States District Judge

2